[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties in this dissolution action were married on June 8, 1985 at Branford, Connecticut when both were twenty years old. There are no minor children issue of the marriage.
The court has jurisdiction in that both parties lived in Connecticut for at least twelve months immediately prior to the commencement of this action. CT Page 3940
The marriage has broken down irretrievably with no prospect for reconciliation.
A decree of dissolution of marriage shall enter.
The plaintiff's maiden name, Anderson, shall be restored to her.
In acting on the parties' request for a division of property and the plaintiff's request for alimony, the court is guided by the following considerations as set forth in 46b-81 and 82 C.G.S.:
 ". . . the length of the marriage, the causes for the . . . dissolution of the marriage, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate liabilities and needs of each and the opportunity of each for future acquisition of capital assets and income . . . [and] the contribution of each of the parties in the acquisition, preservation or appreciation in value of their respective estates."
In the fall of 1989, the defendant developed a romantic interest in the wife of a friend with whom the parties had been social friends. At approximately the same time that this woman filed for a dissolution of her marriage, the defendant told the plaintiff to leave the marital residence, and the court finds that the development of this new relationship caused the breakdown of the marriage.
The plaintiff is a licensed hairdresser and has been continuously employed in that capacity during the marriage. The defendant is a construction worker who is also employed and who is able to earn additional money working for his stepfather, a contractor and developer. Both parties are twenty-five years old and are in good health. Both are able to provide for themselves in the future, and no alimony is awarded to either party.
The parties' main asset is a half-completed house in Guilford which was built with help of defendant's relatives. His father sold to the couple for $35,000.00 a lot he had acquired for that price the previous year. The defendant's father and stepfather arranged for a construction mortgage which they cosigned with the parties, and the stepfather charged the parties a reduced rate for construction of the house which is completed and habitable on the first floor. The defendant's relatives quitclaimed their interest in the house to the parties in April 1987, and at that time the parties replaced the prior mortgage CT Page 3941 with a mortgage in a higher amount which they alone are obligated to pay.
The parties made no down-payment on the house but have made the monthly payments due on the mortgage from their pooled income during the course of the marriage. The defendant has worked Saturdays to make the payments on an additional mortgage to his stepfather.
The property distribution shall be as follows:
1. The plaintiff shall quitclaim her interest in the marital residence to the defendant, who shall pay her $20,000.00 for her interest and indemnify her and hold her harmless as to the two mortgages. Payment shall be made within ninety days of this judgment. Until such time as the plaintiff is released from liability on the mortgages by the lenders, the defendant shall maintain a life insurance policy in the face amount of no less than $50,000.00 with the plaintiff as beneficiary.
2. The parties shall each retain the motor vehicles and bank accounts listed on their own financial affidavits.
3. The household furnishings shall be the property of the defendant except for the plaintiff's clothes, personal books, records and tape recordings and the following, which shall be the property of the plaintiff:
 sofa 19-inch color television candlesticks vases champagne glasses crystal glasses pewter bowl iris dishes oil lamp one set of pans tupperware pyrex serving dishes Cuisinart food processor gas grill one set of barbecue utensils one set of lidded metal bowls washer and dryer
4. The dining room rug shall be the property of the defendant.
5. The parties shall be responsible for and shall indemnify and hold each other harmless as to the debts listed on their own financial affidavits.
6. The parties shall be responsible for their own counsel CT Page 3942 fees
BEVERLY J. HODGSON, JUDGE.